UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMBER NELSON,**

**Plaintiff,**

**vs.** **Case No.:**

**LA PETITE ACADEMY, INC,**
**A Foreign Profit Corporation,**

**Defendant.**
______________________________/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMBER NELSON ("Nelson" or "Plaintiff"), an individual, by and through the undersigned attorney, hereby files her Complaint and Demand for Jury Trial against Defendant, LA PETITE ACADEMY, INC ("LPA" or "Defendant"), a Foreign Profit Corporation, and in support of states the following:

## PRELIMINARY STATEMENT

1. This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's violations of the Pregnant Workers Fairness Act, 42 U.S.C. §§ 2000gg, et seq. ("PWFA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) et seq. ("PDA"), and the Florida Civil Rights Act of 1992, Florida Statute §§ 760.10, et seq. ("FCRA").

2. This case is based on Defendant's unlawful employment practices against Plaintiff, including discrimination, failure to accommodate, harassment, and retaliation against Plaintiff because of her pregnancy, and related requests for accommodations.

3. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

**PARTIES**

4. Plaintiff, Nelson, is a citizen and resident of Seminole County, Florida.

5. Defendant, LPA, is a Florida Profit Corporation with its principle place of business in Seminole County, Florida.

6. Nelson is a former employee of Defendant.

7. Nelson was employed by LPA in Seminole County, Florida.

**JURISDICTION AND VENUE**

8. This Court has federal question jurisdiction of the claims herein under 28 U.S.C. §§ 1331 and 1343.

9. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the FCRA pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part

of the events or omissions giving rise to this action occurred in this district. The events giving rise to this action occurred under the laws of the United States. See also 28 U.S.C. § 2000e-5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Before commencing this action, Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

12. Plaintiff filed the Charge with the EEOC within 300 days of the occurrence of one or more of the alleged employment practices that violated Title VII and the FCRA.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On or about June 6, 2026, the EEOC issued Plaintiff a Notice of Right to Sue attached hereto and marked as Exhibit A.

15. Plaintiff is filing her Complaint within 90 days of receiving that Notice of Right to Sue.

16. Any and all other prerequisites to the filing of this suit have been met.

## GENERAL FACTS

17. LPA employs more than fifteen (15) employees.

18. Nelson was an employee of LPA beginning on approximately February 8, 2024.

19. At all relevant times hereto, LPA met the definition of "employer" under all applicable statutes.

20. At all relevant times hereto, Nelson met the definition of "employee" under all applicable statutes.

21. Nelson is female.

22. Nelson started working for LPA as the Lead Toddler Teacher in August 2024.

23. Nelson's job duties were being responsible for curriculum, feeding, changing, nap time, and write ups of children, as well as talking to parents and establishing relationships. Nelson successfully performed the material duties of her positions throughout her employment. As such, Nelson was qualified for her position.

24. Nelson notified her manager and LPA's Director, Queena Manning, that she was pregnant on or about October 14, 2024.

25. On December 9, 2024, Nelson fell while at work and left early because she was bleeding.

26. Nelson went to the emergency room because of the bleeding. Nelson

suffered a subchorionic hematoma, was put on pelvic rest, and was instructed not to lift more than 15lbs. Nelson's doctor advised her to take it easy physically for the safety of her child and herself.

27. On December 10, 2024, Nelson told Ms. Manning that, due to her pregnancy, she could not lift more than 15lbs as per her doctor's instructions. Nelson provided a doctor's note with those instructions. Nelson's weight restriction was the first pregnancy related limitation that LPA was aware of pertaining to Nelson.

28. Ms. Manning later asked Nelson for another doctor's note.

29. Nelson provided a second doctor's note on December 23, 2024 from Dr. Jennifer Simpkins that explained Nelson had a confirmed diagnosis of "High Risk Pregnancy which requires her to NOT life anything over 20lbs." The note also stated that Nelson was to have frequent bathroom and water breaks. Nelson's need for bathroom and water breaks was the second pregnancy related limitation that LPA was aware of pertaining to Nelson.

30. In response to being told about the high risk nature of Nelson's pregnancy, Ms. Manning crudely responded, "I could have told you that!"

31. Shockingly, and after Nelson was known to have submitted doctor's notes, Ms. Manning told the staff that doctor's notes "don't matter."

32. Ms. Manning blatantly told Nelson that she knew she was pregnant, but that "I can't keep accommodating this stuff."

33. This put Nelson in a position where she had to jeopardize her health and the health of her baby. Nelson tried to work within the weight restriction, but Ms. Manning would force her to lift children heavier than 20lbs.

34. Ms. Manning then assigned Nelson to the two- and three-year-old classrooms which were more difficult assignments and heavier children.

35. In December 2024, Nelson complained to Team Lead Megan Grenier about Ms. Manning's treatment towards her pregnancy and the related accommodation requests.

36. Ms. Grenier instructed Nelson to complain to Ms. Manning's supervisor, Yvonne Carter.

37. On or about December 23, 2024, Nelson complained to Ms. Carter about Ms. Manning's poor treatment towards her pregnancy and related accommodations.

38. Despite raising her discrimination complaints to two other leaders, Ms. Manning's discriminatory bias did not change.

39. That same day, December 23, 2024, Nelson notified Ms. Manning that she had an important anatomy screen appointment for her baby and would be late

on January 17, 2025. Nelson's need for this appointment was the third pregnancy related limitation that LPA was aware of pertaining to Nelson.

40. In response, Ms. Manning yelled at Nelson and told her that she could not come in late even though Nelson had scheduled the appointment during a time frame which Ms. Manning had previously said would be acceptable for doctor's appointments.

41. Ms. Manning threatened to fire Nelson if she went to her appointment.

42. Ms. Manning didn't even let Nelson fill out the necessary paperwork for her accommodation.

43. Ms. Manning told Ms. Nelson that she "was trying to run a business" and that three other people had walked out so she needed help.

44. Ms. Grenier witnessed this encounter.

45. Nelson apologized and said she made appointments as early as possible.

46. In response, Ms. Manning told her that if she keeps scheduling baby appointments, and went to the anatomy screening, that she would not have a job to come back to.

47. Notably, when on the phone with an accommodation representative for the Company, Nelson was told that Ms. Manning had been complaining about

Nelson's pregnancy related absences.

48. Nelson was out with bronchitis from January 2, 2025 through January 7, 2025. During that time, Assistant Director Narissa Hamlitt and Ms. Grenier went through Nelson's room. Ms. Manning gave Nelson a disciplinary write-up when she got back. The write-up was based on curriculum and room tidiness from when LPA went through Nelson's room while out sick. Nelson had missed a part of her lesson plan for being out and had asked for assistance with the curriculum which LPA never provided.

49. Moreover, other teachers had the same issues with curriculum and tidiness, but were not written up.

50. Nelson's room was dirty before she took over.

51. On or about January 2, 2025, Nelson saw that LPA had posted her job on Indeed.com.

52. On or about January 10, 2025, Ms. Manning told Nelson that she was going to be assigned an even more difficult room with after-school children ranging from two to twelve years old.

53. This was now the second time that Ms. Manning purposely assigned Nelson a room which was harder to handle and with larger and heavier children in direct opposing to the weight restriction her doctor had advised.

54. Nothing changed after Nelson's complaints. LPA would tell Nelson that she would receive assistance to support her, but she never did.

55. As such, on January 14, 2025, Nelson again approached Ms. Manning and complained that she felt she was being discriminated against for being pregnant and needing accommodations. This and Nelson's other complaints about less favorable treatment because of her pregnancy and/or related accommodations was protected activity.

56. LPA's discriminatory comments were not one isolated incident, but a pattern of open biases based on Nelson's membership in protected classes (pregnancy and related need for accommodations).

57. Ms. Manning continued to make comments about Nelson's pregnancy. For example, she told Nelson that she needed to "take responsibility," that she "had a business to run" and that she "cannot keep accommodating your prenatal appointments."

58. Nelson tried to discuss alternate solutions for her pregnancy accommodations with Ms. Manning such as switching room assignments so that Nelson could have the infants, but Ms. Manning refused and got defensive. LPA failed to engage Nelson in the interactive process.

59. Then, Ms. Manning, again, told Nelson that she would be fired if she

went to her anatomy appointment on January 17, 2025.

60. Ms. Manning and LPA's conduct was not isolated, but repeated and escalating.

61. With no other choice, Nelson quit on January 14, 2025 based on Ms. Manning yelling at her and refusing to accommodate her important anatomy appointment. At that point, Nelson had experienced ridicule about her high risk pregnancy, constant push back about her physical restrictions, intentional assignments which forced her to exceed her medically necessary lifting restriction, constant derogatory comments about needing time out or breaks for pregnancy related symptoms and doctor's appointments, being blamed for curriculum and tidiness while she was out while other teachers were not, being told that Ms. Manning was openly complaining about her to others, being told that doctor's notes didn't matter, seeing LPA already start searching for her replacement online while she was still employed, and told repeatedly that she would be fired for going to a necessary doctor's appointment.

62. LPA's conduct was not isolated, but repeated and escalating. Nelson was never given an investigation into her complaints, and was openly told that she would be fired if she went to an appointment doctor's appointment that had been hard to schedule. Based on the foregoing, Nelson had no alternative choice but to resign. Under these circumstances, a reasonable person in Plaintiff's

position would have found working conditions intolerable and would have felt compelled to resign.

63. Nelson had been subjected to repeated comments about her pregnancy and accommodation needs. The non-pregnant teachers were not subjected to those comments or disciplined for room tidiness or missing curriculum while out.

64. LPA's discriminatory comments were not one isolated incident but a pattern of open biases based on Nelson's membership in protected classes (pregnancy and related accommodation requests).

65. LPA's retaliatory actions were not one isolated incident but a pattern of actions designed to make Nelson's working conditions intolerable.

66. These facts support a constructive discharge because LPA's actions were not isolated events and because comparators were not treated the same way.

67. Nelson's requests for accommodations were based on pregnancy limitations under the PWFA. Nelson's accommodation requests under the PWFA were reasonable.

68. Nelson's limitations were physical or mental conditions related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions that she communicated to LPA.

69. LPA forced Nelson to resign because of her pregnancy and related

requests for accommodations.

70. LPA failed to accommodate Plaintiff.

71. LPA harassed Nelson because of her pregnancy because the unwelcome comments towards her were severe or pervasive and altered the terms and conditions of her employment.

72. LPA discriminated against Nelson because she was a pregnant female.

73. LPA discriminated against Plaintiff because of her pregnancy and related conditions.

74. LPA retaliated against Plaintiff because of her requests for accommodations related to the complications and limitations related to her high risk pregnancy.

75. The failure to accommodate and forced resignation of Nelson were adverse employment actions.

76. Accordingly, LPA's actions and comments are evidence of its discrimination, failure to accommodate, harassment, and retaliation against Nelson because of her pregnancy, and related requests for accommodations. As such, LPA violated Plaintiff's rights under the PWFA, Title VII, the PDA, and the FCRA.

77. Defendant is a sophisticated employer who has actual knowledge of

the requirements of the referenced laws.

78. The failure of Defendant to adhere to the mandates of these laws was willful and its violations of the provisions of these laws were willful.

79. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

80. Plaintiff requests a jury trial for all issues so triable.

81. Nelson has retained the undersigned law firm to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## CAUSES OF ACTION
## COUNT I:
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE PWFA

82. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-34, 39-54, 56-64, 66-70, and 75-81 above as if fully set forth in this Count.

83. Plaintiff was qualified to perform her job duties.

84. At all material times, Plaintiff was pregnant and/or suffering from pregnancy related conditions and therefore a member of a protected class under the PWFA.

85. During her employment with Defendant, Plaintiff became pregnant and then experienced symptoms related to a high risk pregnancy.

86. Plaintiff suffered mental anguish, pain, and bleeding because of her pregnancy and this forced her to have a weight lifting restriction.

87. Nelson's physical and mental conditions were related to pregnancy, childbirth, or related medical conditions.

88. Nelson's pregnancy and related conditions necessitated brief periods of time out of work to attend doctor's appointments and alleviate symptoms such as being thirsty and needing to use the bathroom.

89. The accommodations were required to keep Nelson and her unborn child safe.

90. These limitations were all related to pregnancy, childbirth, or related medical conditions.

91. Nelson's would have been able to return to work and continue performing her job duties if she had been allowed to attend her doctor's appointment.

92. Defendant was aware of Nelson's limitations and that they were related to pregnancy, childbirth, or related medical conditions.

93. The accommodations requested by Plaintiff were reasonable.

94. Defendant failed to reasonably accommodate the limitations.

95. Plaintiff was given an ultimatum of quitting or not going to a necessary

doctor's appointment.

96. A reasonable person would not want to work under the same management and conditions Nelson experienced.

97. Defendant discriminated against Plaintiff because of her pregnancy and pregnancy related conditions by way of its failure to provide reasonable accommodation.

98. The acts of Defendant, by and through its agents and employees, violated Plaintiff's right to reasonable accommodations under the PWFA.

99. Plaintiff suffered an adverse employment action when Defendant failed to accommodate her.

100. Plaintiff suffered an adverse employment action when Defendant forced her to resign or miss her important doctor's appointment.

101. The discrimination to which Plaintiff was subjected was based on pregnancy, childbirth, and related medical conditions.

102. Defendant does not have a legitimate, non-discriminatory reason for its failure to accommodate Plaintiff.

103. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

104. The conduct of Defendant and its agents and employees, proximately,

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

106. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the PWFA.

107. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering;

f. Reasonable attorneys' fees and litigation expenses against Defendant pursuant to the PWFA;

g. Prejudgment interests, and, if applicable, post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled;

i. Punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff; and,

j. Provide any additional relief that this Court deems just and proper.

**COUNT II:**
**HARASSMENT BASED ON PREGNANCY IN VIOLATION OF THE PWFA**

108. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-34, 39-54, 56-57, 59-64, 66, 69, 71, and 76-81 above as if fully set forth in this Count.

109. Plaintiff is female and was pregnant and therefore a member of a protected class.

110. Plaintiff was subjected to unwelcome harassment when she was continuously mocked about her pregnancy and accused of causing problems because of pregnancy related restrictions and accommodations.

111. The harassment Plaintiff was subjected to was based on her pregnancy and related requests for accommodations.

112. The harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

113. Defendant is responsible for such environment under either a theory of vicarious or direct liability.

114. Defendant failed to investigate Plaintiff's allegations and/or take any remedial or corrective action.

115. Plaintiff was given an ultimatum of quitting or not going to a necessary doctor's appointment.

116. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the PWFA because it treated Plaintiff less favorably because of her pregnancy and related needs for accommodation.

117. Plaintiff suffered an adverse employment action when Defendant

forced her to resign.

118. A reasonable person would not want to work under the same management and conditions Nelson experienced.

119. The discrimination to which Plaintiff was subjected was based on her pregnancy and related accommodation needs.

120. Defendant does not have a legitimate, non-discriminatory reason for forcing Plaintiff to resign.

121. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

122. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

123. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the PWFA.

124. Plaintiff has no plain, adequate, or complete remedy at law for the

actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering;

f. Reasonable attorneys' fees and litigation expenses against Defendant pursuant to PWFA;

g. Prejudgment interests, and, if applicable, post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled; and,

i. Provide any additional relief that this Court deems just and proper.

j. Punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff;

and,

k. Provide any additional relief that this Court deems just and proper.

**COUNT III :**
**RETALIATION IN VIOLATION OF THE PWFA**

125. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-69 and 74-81 above as if fully set forth in this Count.

126. At all material times, Plaintiff was pregnant and/or suffering from pregnancy related conditions and therefore a member of a protected class under the PWFA.

127. At all material times, Plaintiff gave LPA proper notice of her intention and need for PWFA accommodation(s).

128. Plaintiff's requests to utilize PWFA accommodation(s) were protected activity.

129. Plaintiff's use of PWFA accommodation(s) was protected activity.

130. Plaintiff's complaints that she was not being treated fairly because of her pregnancy and pregnancy related accommodations were protected activity.

131. The failure to accommodate Plaintiff was an adverse employment action.

132. Plaintiff was given an ultimatum of quitting or not going to a necessary doctor's appointment.

133. Forcing Plaintiff to resign was an adverse employment action.

134. Plaintiff was forced to resign because of her attempt to use or usage of PWFA accommodation(s).

135. A reasonable person would not want to work under the same management and conditions Nelson experienced.

136. A causal connection exists between Plaintiff's statutorily protected activity and the adverse employment action.

137. LPA's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

138. Defendant retaliated against Plaintiff because of her requests and usage of PWFA accommodation(s).

139. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the PWFA.

140. Defendant does not have a legitimate, non-retaliatory reason for its firing of Plaintiff.

141. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

142. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

143. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the PWFA.

144. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering

f. Reasonable attorneys' fees and litigation expenses against Defendant pursuant to the PWFA;

g. Prejudgment interests, and, if applicable, post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled;

i. Punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff; and,

j. Provide any additional relief that this Court deems just and proper.

## COUNT IV: PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII/PDA

145. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-64, 66-69, 72-73, and 75-81 above as if fully set forth in this Count.

146. At all material times, Nelson was pregnant.

147. Nelson's gender and pregnancy made her a member of a protected class.

148. Nelson was qualified to perform the duties of a Lead Toddler Teacher.

149. LPA's acts and omissions negatively affected one or more terms,

conditions, and/or privileges of Plaintiff's employment.

150. Defendant's failure to accommodate Nelson for her pregnancy was an adverse employment action.

151. Plaintiff was given an ultimatum of quitting or not going to a necessary doctor's appointment. LPA forced Plaintiff to resign.

152. LPA forcing Nelson to resign was an adverse employment action.

153. Defendant discriminated against Plaintiff because of her pregnancy. The non-pregnant teachers were not subjected to those comments or disciplined for room tidiness or missing curriculum while out.

154. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under PDA because it treated Plaintiff less favorably because of her pregnancy.

155. Plaintiff suffered an adverse employment action when Defendant failed to accommodate her.

156. Plaintiff suffered an adverse employment action when Defendant forced her to resign.

157. The discrimination to which Plaintiff was subjected was based on her pregnancy.

158. A reasonable person would not want to work under the same

management and conditions Nelson experienced.

159. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff.

160. As a direct, natural, proximate and foreseeable result of the actions of LPA, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

161. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

162. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to Title VII/PDA.

163. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering

f. Reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII/PDA;

g. Prejudgment interests, and, if applicable, post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled;

i. Punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff; and,

j. Provide any additional relief that this Court deems just and proper.

**COUNT V:**
**HARASSMENT BASED ON PREGNANCY IN VIOLATION OF TITLE VII/PDA**

164. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-34, 39-54, 56-57, 59-64, 66, 69, 71, and 76-81 above as if fully set forth in this Count.

165. Plaintiff is female and was pregnant and therefore a member of a protected class.

166. Plaintiff was subjected to unwelcome harassment when she was continuously mocked about her pregnancy and accused of causing problems because of pregnancy related restrictions and accommodations.

167. The harassment Plaintiff was subjected to was based on her pregnancy and related requests for accommodations.

168. The harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

169. Defendant is responsible for such environment under either a theory of vicarious or direct liability.

170. Defendant failed to investigate Plaintiff's allegations and/or take any remedial or corrective action.

171. Plaintiff was given an ultimatum of quitting or not going to a necessary doctor's appointment.

172. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the TITLE VII/PDA because it treated Plaintiff less favorably because of her pregnancy and related

needs for accommodation.

173. Plaintiff suffered an adverse employment action when Defendant forced her to resign.

174. A reasonable person would not want to work under the same management and conditions Nelson experienced.

175. The discrimination to which Plaintiff was subjected was based on her pregnancy and related accommodation needs.

176. Defendant does not have a legitimate, non-discriminatory reason for forcing Plaintiff to resign.

177. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

178. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

179. Plaintiff is entitled to recover reasonable attorney's fees and litigation

expenses pursuant to the TITLE VII/PDA.

180. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering

f. Reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII;

g. Prejudgment interests, and, if applicable, post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled; and,

i. Provide any additional relief that this Court deems just and proper.

**COUNT VI:**
**RETALIATION IN VIOLATION OF TITLE VII/PDA**

181. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-69

and 74-81 above as if fully set forth in this Count.

182. Plaintiff's complaints to a multitude of managers about pregnancy discrimination were protected activity.

183. Plaintiff was treated worse after lodging several discrimination complaints.

184. Plaintiff was given an ultimatum of quitting or not going to a necessary doctor's appointment.

185. Forcing Nelson to resign was an adverse employment action.

186. A reasonable person would not want to work under the same management and conditions Nelson experienced.

187. A causal connection exists between Plaintiff's protected activity and the adverse employment action.

188. Defendants acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

189. Defendants retaliated against Plaintiff because of her protected activity.

190. Plaintiff's forced resignation was retaliation.

191. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

192. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII/PDA.

193. Defendants do not have a legitimate, non-retaliatory reason for its firing of Plaintiff.

194. The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

195. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

196. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to Title VII.

197. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendants violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering

f. Reasonable attorneys' fees and litigation expenses against Defendants pursuant to Title VII/PDA;

g. Prejudgment interests, and, if applicable, post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled;

i. Punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff; and,

j. Provide any additional relief that this Court deems just and proper.

**COUNT VII:**
**PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA**

198. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-64, 66-69, 72-73, and 75-81 above as if fully set forth in this Count.

199. At all material times, Nelson was pregnant.

200. Nelson's gender and pregnancy made her a member of a protected class.

201. Nelson was qualified to perform the duties of a Lead Toddler Teacher.

202. LPA's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

203. Defendant's failure to accommodate Nelson for her pregnancy was an adverse employment action.

204. Plaintiff was given an ultimatum of quitting or not going to a necessary doctor's appointment. LPA forced Plaintiff to resign.

205. LPA forcing Nelson to resign was an adverse employment action.

206. Defendant discriminated against Plaintiff because of her pregnancy.

207. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under FCRA because it treated Plaintiff less favorably because of her pregnancy. The non-pregnant teachers were not subjected to those comments or disciplined for room tidiness or missing curriculum while out.

208. Plaintiff suffered an adverse employment action when Defendant failed to accommodate her.

209. Plaintiff suffered an adverse employment action when Defendant forced her to resign.

210. The discrimination to which Plaintiff was subjected was based on her pregnancy.

211. A reasonable person would not want to work under the same management and conditions Nelson experienced.

212. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff.

213. As a direct, natural, proximate and foreseeable result of the actions of LPA, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

214. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

215. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to FCRA.

216. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering

f. Reasonable attorneys' fees and litigation expenses against Defendant pursuant to FCRA;

g. Prejudgment interests, and, if applicable, post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled;

i. Punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff; and,

j. Provide any additional relief that this Court deems just and proper.

## COUNT VIII: HARASSMENT BASED ON PREGNANCY IN VIOLATION OF THE FCRA

217. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-34, 39-54, 56-57, 59-64, 66, 69, 71, and 76-81 above as if fully set forth in this Count.

218. Plaintiff is female and was pregnant and therefore a member of a protected class.

219. Plaintiff was subjected to unwelcome harassment when she was continuously mocked about her pregnancy and accused of causing problems because of pregnancy related restrictions and accommodations.

220. The harassment Plaintiff was subjected to was based on her pregnancy and related requests for accommodations.

221. The harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

222. Defendant is responsible for such environment under either a theory of vicarious or direct liability.

223. Defendant failed to investigate Plaintiff's allegations and/or take any remedial or corrective action.

224. Plaintiff was given an ultimatum of quitting or not going to a necessary doctor's appointment.

225. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her pregnancy and related needs for accommodation.

226. Plaintiff suffered an adverse employment action when Defendant forced her to resign.

227. A reasonable person would not want to work under the same management and conditions Nelson experienced.

228. The discrimination to which Plaintiff was subjected was based on her pregnancy and related accommodation needs.

229. Defendant does not have a legitimate, non-discriminatory reason for forcing Plaintiff to resign.

230. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

231. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

232. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the FCRA.

233. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering

f. Reasonable attorneys' fees and litigation expenses against Defendant pursuant to FCRA;

g. Prejudgment interests, and, if applicable,

post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled; and,

i. Provide any additional relief that this Court deems just and proper.

**COUNT IX:**
**RETALIATION IN VIOLATION OF TITLE THE FCRA**

234. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-69 and 74-81 above as if fully set forth in this Count.

235. Plaintiff's complaints to a multitude of managers about pregnancy discrimination were protected activity.

236. Plaintiff was treated worse after lodging several discrimination complaints.

237. Plaintiff was given an ultimatum of quitting or not going to a necessary doctor's appointment.

238. Forcing Nelson to resign was an adverse employment action.

239. A causal connection exists between Plaintiff's protected activity and the adverse employment action.

240. Defendants acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

241. Defendants retaliated against Plaintiff because of her protected activity.

242. Plaintiff's forced resignation was retaliation.

243. A reasonable person would not want to work under the same management and conditions Nelson experienced.

244. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

245. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against retaliation under FCRA.

246. Defendants do not have a legitimate, non-retaliatory reason for its firing of Plaintiff.

247. The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

248. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others,

from such conduct in the future.

249. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to FCRA.

250. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendants violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Compensatory damages for emotional pay and suffering

f. Reasonable attorneys' fees and litigation expenses against Defendants pursuant to FCRA;

g. Prejudgment interests, and, if applicable, post-judgment interest;

h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled;

i. Punitive damages (subject to amendment based on discovery) or

such amount awarded by a jury for the aforementioned harms to Plaintiff; and,

j. Provide any additional relief that this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this _31st ___day of August, 2026.

Respectfully submitted,

**/s/ Louis Montone**
Louis Montone, Esquire
FBN: 0112096
Counsel for Plaintiff – Lead Attorney
The Montone Law Firm, P.A.
994 Douglas Avenue, Suite 100
Altamonte Springs, FL 32714
Telephone: (407) 565-8228
Facsimile: (877) 587-3481
Email: louis.montone@montonelawfirm.com